IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN R. TYRELL,

       Plaintiff,                    No. CIV S-06-1414 RRB GGH P

    vs.

CITY OF ROSEVILLE,              FINDINGS & RECOMMENDATIONS

       Defendant.

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's amended[1] motion to dismiss, filed on May 14, 2007, an errata was filed, on June 18, 2007. Plaintiff filed his opposition on June 11, 2007.[2] Defendant filed a reply on June 19, 2007.

\\\\\

\\\\\

---

[1] The original motion to dismiss, filed on March 23, 2007, was vacated pursuant to defendant's request, by Order, filed on April 24, 2007.

[2] Plaintiff evidently elected not to respond further upon the filing of the amended motion with an errata, on June 18, 2007, which was filed because the earlier amended version was missing a page.

1

Complaint

Plaintiff sues the City of Roseville, seeking, in the form of an order mandating the return of "various items of personalty," injunctive relief only, which items were seized when the Roseville Police Department executed an April 2, 2005, search of plaintiff's home. Complaint, p. 3. The criminal prosecution, which was linked to the unidentified personal property seized, concluded on or about September 10, 2005. Id. Defendant has refused multiple requests for the return of the property, notwithstanding that the seizure warrant's terms and conditions have expired and the City no longer has a legitimate basis for holding it. Id.

Amended Motion to Dismiss

Defendant City of Roseville moves for dismissal of this action pursuant to nonenumerated Fed. R. Civ. 12(b), the Rooker-Feldman doctrine for lack of jurisdiction, and Burford abstention. Defendant contends that plaintiff's challenges to the seizure of his property and efforts to have the property returned were part of proceedings involving his criminal prosecution in Placer County Superior Court. His challenge was also rejected by the Cal. Third District Court of Appeal (DCA) in denying his habeas petition. Defendants attach as Exhibit A what appears to be a copy of a form filed in Placer County Superior Court, indicating that a May 18, 2005, "motion to suppress and traverse" was denied, with a next court appearance scheduled for June 7, 2005. Exhibit B is a copy of plaintiff's March 18, 2007, state appellate court habeas petition, indicating that plaintiff is a lawyer, who pled no contest to several counts of a 20-count indictment and is serving a sentence of five years and four months. Plaintiff's petition claims that his appellate counsel provided ineffective assistance of counsel by not insuring that his record on appeal included a motion to suppress/motion to return personalty, filed pursuant to Cal. Penal Code §§ 1524 and 1538.5. Defendant states that upon the denial of these motions in the trial court, plaintiff pled no contest to various felonies and misdemeanors. MTD, p. 4. Exhibit C is a copy of the Third DCA's denial of plaintiff's motion to recall the remittitur as well as the petition for writ of habeas corpus.

Defendant maintains that under Rooker-Feldman, this court does not have jurisdiction to review earlier decisions by California state courts; in the alternative, it contends that under Burford v. Sun Oil, 319 U.S. 315, 63 S. Ct. 1098 (1943), this court should abstain from exercising its jurisdiction in a case involving an "intricate state regulatory scheme for which the state has specialized knowledge." Motion to Dismiss (MTD), pp. 1-7.

Plaintiff, on the other hand, avers that the court is not being asked to review matters that have been decided in criminal proceedings. He states that the May 18, 2005 denial by the trial court judge concerned the initial seizure of his "personalty," as did the subsequent petition for writ of habeas corpus to the Third DCA, which was also denied. Instead, plaintiff asserts in the instant action that he is seeking redress for defendant City's continued withholding of his seized personal property, some 26 months following the seizure. Opposition (Opp.), pp. 2-3.

*Rooker-Feldman*

A federal district court does not have jurisdiction to review legal errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). This doctrine has not aged well with time. In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has retained as a result of the Markham dicta, I would provide the creature with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S. 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006) (STEVENS, J., dissenting).

Marshall v, Marshall, 547 U.S. 293, 318, 126 S. Ct. 1735, 1752 (2006) (Stevens, J. dissenting). However, while consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the doctrine to rest in the grave prepared by Justice Stevens:

\\\\\

> Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464, 126 S.Ct. 1198, 1201 (2006) quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp, 544 U.S. 280, 284, 125 S.Ct. 1517 (2005).

The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir.2003). A federal plaintiff who asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision is barred by Rooker-Feldman because the federal court lacks subject matter jurisdiction. Id. at 1164. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction. Id. But even if a federal plaintiff is expressly seeking to set aside a state court judgment, Rooker-Feldman does not apply unless a legal error by the state court is the basis for that relief. See Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004).

Particularly in its weakened incarnation, Rooker-Feldman does not appear to bar plaintiff's claim. On this motion to dismiss, defendant has simply not made sufficiently clear that plaintiff herein is challenging an allegedly erroneous decision by a state court. In fact, plaintiff expressly states that the decisions rendered in his state court challenges (motion to suppress/motion for return of personalty) concerned only the initial seizure. Accordingly, the court will recommend denial of defendant's motion on the ground of a lack of subject matter jurisdiction, pursuant to the Rooker-Feldman doctrine.[3]

*Burford Doctrine*

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are

---

[3] In an answer to the complaint, res judicata might be an appropriate affirmative defense.

> "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." <u>Colorado River Water Conservation Dist. v. United States,</u> supra, 424 U.S., at 814, 96 S.Ct., at 1245.

<u>New Orleans Public Service, Inc., v. Council of City of New Orleans</u>, 491 U.S. 350, 361, 109 S. Ct. 2506, 2514 (1989).

Defendant maintains that this matter has been properly decided under California law, contending that the Placer County Superior Court denied plaintiff's motion, filed pursuant to Cal. Penal Code §§ 1524(c)[4] and 1538.5[5] (MTD, pp. 7-8),[6] while plaintiff contends that the remedial scheme of § 1538.5 does not allow redress for an unsuccessful challenge. Opp., p. 4. In reply, defendant cites, in addition to § 1538.5, Cal. Penal Code § 1536, stating that plaintiff can petition Placer County Superior Court for the return of his property through these statutes, as well as by means of a non-statutory motion. Reply, p. 4, citing <u>People v. Superior Court (Laff)</u>, 25 Cal.4th 703, 713, 107 Cal. Rptr.2d 323 (Cal. 2001)[7];( <u>People v. Lamonte</u>, 53 Cal. App.4th

---

[4] Cal. Penal Code § 1524(c) speaks to, inter alia, the procedures that must be undertaken for issuance of a search warrant for "documentary evidence in the possession or under the control of any person who is a lawyer...."

[5] Cal. Penal Code § 1538.5 sets forth the grounds upon which "[a] defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure...."

[6] Defendant's reliance on <u>People v. Mazurette</u>, 24 Cal.4th 789, 793, 102 Cal. Rptr.2d, 55 ( Cal. 2001), for the proposition that Cal. Penal Code §§ 1524(c) and 1538.5 set forth the manner by which plaintiff can obtain a court order for return of his property even when a plea of no contest has been entered does not appear apposite, as the reference is to § 1538.5(m) providing that a defendant can seek review of the validity of a search or seizure even when appealing a guilty or nolo contendere plea. It is not clear that there is thereby a provision for the return of seized property where the validity of the seizure is not the principal issue.

[7] "Law enforcement officials who seize property pursuant to a warrant issued by the court do so on behalf of the court, which has authority pursuant to Penal Code section 1536 to control

1  544, 546, 61 Cal.Rptr.2d 810 (Cal. 1997) (finding defendant entitled to seized property that was
2  "not contraband, stolen or subject to forfeiture.")

3        Defendant seems to argue on the one hand that this matter has already been fully
4  adjudicated by the state courts and this court must not interfere, and, on the other hand, that
5  plaintiff still has an opportunity by way of available state statutes and state court procedures to
6  pursue the return of his personal property.  On this motion to dismiss, defendant fails to show
7  that plaintiff has not set forth a cognizable federal due process violation arising from the
8  authorized, intentional deprivation of his personal property by defendant.

9        Accordingly, IT IS RECOMMENDED that defendant's amended motion to
10 dismiss, filed on May 14, 2007, filed with a notice of errata, on June 18, 2007, be denied, and
11 defendant be directed to answer the complaint, within 30 days of adoption of these findings and
12 recommendations, should that occur.

13       These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
18 shall be served and filed within ten days after service of the objections.  The parties are advised
19 \\\\\
20 \\\\\
21 \\\\\
22

---

23 the disposition of the property. (<u>People v. Superior Court</u> (1972) 28 Cal.App.3d 600, 607-608 [104 Cal.Rptr. 876].)  This authority also arises from the court's inherent power to control and
24 prevent the abuse of its process. (<u>Id</u>. at p. 607; <u>Ensoniq Corp. v. Superior Court</u> (1998) 65 Cal.App.4th 1537, 1547 [77 Cal.Rptr.2d 507].)  Thus, even in the absence of statutory
25 authorization, the superior court possesses the inherent power to conduct proceedings and issue orders regarding property seized from a criminal suspect pursuant to a warrant issued by the
26 court."

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/17/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
tyre1414.mtd