IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN R. TYRELL,

     Plaintiff,                      No. CIV S-06-1414 JAM GGH P

    vs.

CITY OF ROSEVILLE,

     Defendant.                  <u>ORDER</u>

_____/

         Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

         On January 18, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Defendant has filed objections to the findings and recommendations.

         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds Defendant's objections to the findings and recommendations to be persuasive and, therefore, does not adopt these findings and recommendations. Instead, the Court

1

1  finds that it lacks jurisdiction in this case under the Rooker-Feldman doctrine.  This doctrine is
2  derived from the Supreme Court's decisions in District of Columbia Court of Appeals v.
3  Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 412 (1923).  The rule
4  states that "[a]s courts of original jurisdiction, the federal district court lacks jurisdiction to
5  review the final determinations of a state court in judicial proceedings." In other words, federal
6  district courts do not sit as appellate courts for the purpose of reviewing state court decisions.
7  Rooker-Feldman prevents a federal court from overturning legal decisions of a state court. This is
8  the case here. The authority over plaintiff's property has always been subject to the orders of the
9  Placer County Superior Court. Plaintiff can petition that Court for the return of his property
10 pursuant to Penal Code sections 1536, 1538.5 and by way of non-statutory motion. People v.
11 Superior Court (Laff), 25 Cal. 4th 703 (2001).

12          This Court further finds that, as a matter of law, it should abstain from
13 adjudicating this case under Burford abstention. Burford v. Sun Oil, 319 U.S. 313 (1943). This
14 rule "allows the courts to decline to rule on an essentially local issue arising out of a complicated
15 regulatory scheme".  United States v. Morros, 268 F. 3rd 695 (9th Cir. 2001).  As noted above, in
16 this case, plaintiff's exclusive remedy lies with the Placer County Superior Court.

17          Accordingly, IT IS HEREBY ORDERED that:

18          1. The findings and recommendations filed January 18, 2008 are not adopted in
19 full; and

20          2. Defendant's amended motion to dismiss, filed on May 14, 2007 (# 17), filed
21 with a notice of errata, on June 18, 2007 (# 20), is GRANTED.

22 DATED: September 24, 2008

                                        /s/ John A. Mendez
                                        UNITED STATES DISTRICT JUDGE
25 /tyre1414.806